Pearson, J.
 

 It is not necessary to complicate the case by taking into consideration any other matter, save that in reference to J. E. Ballew, because the amount belonging to him in the hands of the garnishee, is more than enough to discharge the debt of the plaintiff.
 

 Puett, the garnishee, states that he has in his hands $377,85 —money belonging to J. E. Ballew — that the money came into his hands as clerk and master of the Court of Equity, under-a decree for the sale of the land of Peter Ballew, sen., on a bill, filed by the heirs-at-law for a sale for the purposes, of partition; that J. E. Ballew was one of the heirs, and that liis share, to wit, $377,85, still remains in his hands as clerk and master. The question is, can this money, belonging to an absconding debtor, be reached by a creditor under the provisions of the statute in reference to original attachments and garnishments ?
 

 The statute subjects to attachment, all the estate of an absconding debtor, and
 
 all debts
 
 due to him by any person,
 
 *490
 
 and
 
 all effects belonging to him in the hands of any ¡person.
 
 This money falls under the description of “ effects belonging ” to J. R. Ballew, (the absconding debtor), in the hands of Puett, (the garnishee.) So the case is within the words of the statute, and the question is, what is there to take it out of ifs operation ?
 

 If there be any thing, it must be the fact that the money was received, and still remains in the hands of Puett as clerk and master in Equity.
 

 IIow it would have been before the money was collected, and an order of distribution, we are not now to inquire; but most of the other heirs having received their shares, this money has been ascertained and set apart as belonging to J. R. Ballew, being his share. The point is, does the fact that Puett, who has the money in his hands, is the clerk and master in Equity, take the case out of the operation of the statute ?
 

 If a case falls within the words of a statute, it must be within its operation, unless there be a sufficient reason for making it an exception.
 

 By way of illustration: — If a debtor is entitled to an
 
 equitable
 
 chose in action, in a general sense, this is
 
 “
 
 a debt due to him,” within the words of the statute, but as the proceeding is in a court of law, which from its mode of trial, &c., is not competent to deal with, and
 
 ascertain
 
 equities, the case, for that reason, is made an exception, and is held not to be within the operation of the statute. This is assumed in
 
 Peace
 
 v. Jones, 3 Murph. Rep. 256, and a distinction is taken: when the objects of a deed of trust are accomplished, so as to leave but one equity, which is
 
 ascertained
 
 and fixed, i. e., the excess of the proceeds of the sale of the property conveyed, after the debts secured by the trust, are all paid, whether such excess be in money or in notes, it may be reached by attachment and garnishment;
 
 “
 
 considering the general scope and spirit of the statute;” on the ground, that the reason for making an exception, in respect to equitable choses in action, no longer exists after the extent of the equity is
 
 ascertained.
 

 So, in
 
 Gibbs
 
 v. McKay, 4 Dev. Rep. 172, is
 
 held,
 
 that where
 
 *491
 
 the wife of a debtor is entitled to a share of certain slaves, conveyed by deed
 
 “
 
 to hold in trust, to be divided into three equal parts, &c.,” the husband’s interest is not subject to attachment, and in a very elaborate opinion, EuffiN, O. J., expresses the opinion, that where slaves are held in trust for two, or more, the interest of one of the
 
 cestuis qui trust,
 
 is not subject to attachment, because it could not be sold under execution by force of tire act of 1812, inasmuch as the purchaser would acquire a part of the legal estate, and hold as tenant in common with the trustee, which division of the legal estate would embarras the execution of the trust; for which reason, the ease would be an exception, although the slaves would be “effects belonging to the debtor” in the hands of the trustee.
 

 So, in
 
 Elliott
 
 v. Newby, 2 Hawks Rep. 22, it is held that the interest of a debtoi’, who is entitled to a distributive share of an estate, is not,
 
 (before the estate is settled, and the amount of the share ascertained),
 
 subject to attachment; for the reason, that distributive shares and legacies are not recoverable in a court of law; but IíenbeesoN, J., expresses an inclination of opinion to the contrary; although, as he says, “the authorities are the other way.”
 

 The reason for which this class of cases is made an exception, is that the amount of a distributive share, or the right to a legacy, depends upon how far there is enough to pay debts, which involves the necessity of taking an account; and it is admitted that the mode of trial in a common law court, is not adapted to that purpose. But if we suppose the amount of the share to be ascertained, and the money itself set apart for the distributee, then the reason for making the case an exception, no longer exists. So, property held by, or debts due to an absconding debtor as a
 
 trustee,
 
 is an.exception, for the reason, that he has nothing but the
 
 nalced
 
 legal title, and a purchaser, or the person claiming under the proceeding, would be in Equity, bound by the original trust.
 
 Simpson
 
 v.
 
 Harry,
 
 1 Dev. and Bat. Rep. 206.
 

 So, money in the hands of a sheriff, collected under an execution in favor of an absconding debtor, forms an exception,
 
 *492
 
 and is not subject to attachment'; nor is the sheriff subject to garnishment in respect thereof. This exception is made, not for the reason that the
 
 person
 
 having in his hands the effects of an absconding debtor, is an
 
 officer of the courts
 
 but on the ground that
 
 the writ commands
 
 the sheriff to make the amount, and
 
 home it at the next term of the court, and malee due rebwen thereof,
 
 and that the performance of the duty imposed by this order of the court, would be made impossible, or at all events, that its discharge would be greatly embarrassed, if the fund was liable to be intercepted by an attachment, or garnishment. In
 
 Orr
 
 v.
 
 McBride,
 
 2 Car. Law Rep. 257, this exception is admitted, but a distinction is taken in respect to the surplus in the hands of the sheriff after paying the amount of the execution, and it is decided that the surplus may be reached by a creditor of the debtor in the execution, and the court say, “ It has been ruled that money in the hands of a sheriff, raised by him in obedience to a writ, is not attachable, because it would interfere with the rights of others — embarrass, and sometimes render ineffectual, the process of the Court, and produce endless litigation. But a surplus remaining in the sheriff’s hands, is the property of the defendant in the suit, who may immediately demand and enforce the payment thereof, on which account it is considered that the sheriff holds it in his private character, and not in his official capacity, although it came to his hands, and he is accountable for it
 
 m vvrhute officii.''
 

 Eor similar reasons it is held that, when an execution issues against A, and is levied
 
 bona fide
 
 on property in possession of B, on the allegation that the property really belonged to A, the action of
 
 replevin
 
 will not lie against the sheriff, or other officer, making the levy, either at common law, or under our statute.
 
 McLeod
 
 v.
 
 Oates,
 
 8 Ire. Rep. 387
 
 ; Carroll
 
 v.
 
 Hussey,
 
 9 Ire. Rep. 89. The decision is not put on the ground that the taking, or the detention, or the conversion, was by an officer of the Court, but on the ground that the execution of a command of the Court would be prevented or embarrassed, if the officer could be stopped by the writ of replevin, and it is
 
 *493
 
 therefore held that, although the case is within the words of the statute, it is excepted out of its operation.
 

 These are all of the cases, (with the exception of two, that will be referred to), which have been decided by our court, involving the construction of the statute, and they establish this position : to take a case out of the operation of the statute, the fund must be unascertained, and of such a nature that a court of law cannot deal with it, or it must bo in the hands of an officer, the performance of whose duty in regard to it would be prevented or embarrassed, if it was subject to be intercepted by the claim of an attaching creditor.
 

 Upon the authority of these decisions, and the reasons on which they are put, we should have arrived at the conclusion, without hesitation, that a fund which is
 
 ascertained,
 
 in regard to wdiich the Court is expected to take no further action, and which is no longer subject to its'control, but may be immediately demanded, and the payment thereof enforced by the debtor, was subject to attachment, although the person who had it in his hands, happened to be the clerk and master in Equity, but for the cases of
 
 Alston
 
 v.
 
 Clay,
 
 2 Hayw. Rep. 171, (Eattle’s edition, 360),
 
 Overton
 
 v.
 
 Hill,
 
 1 Murph. Rep. 47, the one decided in 1802, and the other in 1805, which were cited and relied on in the argument. Both of these cases were decided before the present organization of this Court-In
 
 Overton
 
 v.
 
 Jlill,
 
 the opinion of the Court is given without any reason or reference to authority, and is a
 
 mere echo
 
 of Alston and Clay. In the report of that case, Haywood’s argument for the plaintiff is set out, and without noticing the reasoning of the learned counsel, the Court announces the proposition, that it had been several times decided, that moneys in the hands of a
 
 sheriff
 
 cannot be attached — therefore, that moneys in the hands of a
 
 elerh of the court
 
 cannot be attached, which is a
 
 own sequitm/r.
 
 True, the clerk as well as the sheriff, is an officer of the Court, but the reason for making an exception in respect of money in the hands of the sheriff, is not because he is an officer of the Court, but because he could not obey the command of the writ, and the discharge of the duty
 
 *494
 
 imposed upon him, would be embarrassed, if the money could be intercepted by an attachment; which reason does not apply to the case of money in the hands of a clerk. The conflict between these two cases, and the subsequent cases to which we have referred, is pointed at in a note by the editor of the last edition of Haywood’s Reports. After full consideration, we are satisfied that the two cases cannot be supported; being opposed as well by the reason of the thing, as by all the cases on the subject.
 

 The provision of the Revised Code, ch. Y, sec. 20, by which a creditor is enabled to reach, by a bill in Equity, a fund which connot be attached at law, so far from being opposed to our conclusion, tends to support it; for it shows that the Legislature looked upon the remedy by attachment as a subject entitled to favor, and to a liberal construction, because it tended to secure the ends of justice; for which reason, they give a creditor an attachment in Equity, where the fund cannot be reached by an attachment at law.
 

 The judgment in the Court below must be reversed, and a judgment entered for the plaintiff'. There was no controversy as to the facts, and the case is presented as one agreed, the only purpose being to. decide the question of law, although the statement is not drawn in a manner strictly formal.
 

 Pee Cueiam. Judgment reversed; and judgment for the plaintiff.