# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

## GREEN v. ROBERTSON.

Opinion delivered July 9, 1906.

1. JUDICIAL SALE—FUND IN COURT.—The proceeds of a judicial sale, when paid by the purchaser, become conditionally a fund in court; when the sale is confirmed, they become absolutely a fund in court, and the confirmation relates back to the day of sale. (Page 6.)

2. GARNISHMENT—FUND IN COURT.—In the absence of a statute authorizing it, a fund in court is not subject to garnishment or attachment until the purpose for which it is held has been accomplished. (Page 7.)

3. SAME—MODE OF SERVICE.—Under Kirby's Digest, § 358, providing that "where the property attached is a fund in court, the execution of the order of attachment shall be by leaving with the clerk of the court a copy thereof, with a notice specifying the fund," a balance remaining in the hands of the clerk of the court after the purposes have been accomplished for which the fund was placed in his hands is subject to attachment. (Page 7.)

4. SAME—EFFECT.—The legal effect of the service of a suit of garnishment upon the clerk of the court is to attach the surplus of the fund in his hands, and such attachment takes priority over a voluntary assignment subsequently executed by the debtor to whom such surplus would otherwise have reverted. (Page 8.)

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; reversed.

*Thomas T. Dickinson,* for appellant.

1. The statute expressly authorizes the attachment of a fund in court. Kirby's Digest, § 358. Compare Code Ky. § § 227, 228 and 231; Bullitt's Codes, Ky. § § 202, 203, 207 and subdiv. 3, § 51; Ind. Ter. Stat. 1899, § § 342, 345; 2 Hill's Ann. Stat. and Codes of Wash. § § 300, 307; Code, Iowa, § § 3897, 3898, 3899 and 3937, and note the construction placed thereon by the

courts of said States:   9 Ky. Law Rep. 56; 20 Wash. 215; 43
S. W. 236; 19 Iowa, 358; 21 Ia. 535, and cases cited.   Attach-
ment and garnishment are statutory remedies, and the execution
of the writ must be in the manner prescribed by the statute.   5
Ark. 422; 4 Cyc. 582; 14 Am. & Eng. Enc. Law (2 Ed.), 756;
Rood on Garnishment, § 269.   The intention of the statute was
to provide for the attachment of a fund in court when the object
for which it is held has been accomplished, to indicate the manner
of execution of the writ, and to broaden the scope of the remedy.
*Ubi supra;* Rood on Garnishment, § § 8 and 9.   A writ of gar-
nishment is a writ of attachment, within the meaning of the stat-
ute providing for the attachment of a fund in court.   19 Ia. 358.
3 Dig. Ky. Rep. (Barbour), 276.   Service of garnishment upon
the defendant's debtor is only an attachment of the debt.   47
Ark. 221.   Tangible property is the proper subject of direct at-
tachment, and intangible property is properly subject to attach-
ment by garnishment.   1 Shinn on Att. § 28; 39 Ark. 101; 51
Ark. 384.   The surplus fund in the hands of the commissioner
at or after the service of the writ was bound by the lien of the
attachment.   Kirby's Digest, § § 377, 3698.   It belonged to the
defendant Reid; otherwise the assignment under which appellee
claims would be void.   3 Pom. Eq. Jur. (3 Ed.), § 1228; 11
Paige, Ch. (N. Y.), 129; 26 Ill. App. 372; 86 Va. 432; 18 Ark.
213; 2 Jones on Mortg. § 1684; Rood on Gar. § 174.   One can
not sell a fund in court as a fund.   He can only transfer an
equitable right to his net interest in the fund, when that may be
adjusted.   42 Ark. 405.

A surplus fund in court which may be assigned may be at-
tached or garnished.   74 N. Y. 148.   The purpose of attachment
is to give warning and to create a contingent lien on defendant's
property to prevent alienation until the plaintiff can by appro-
priate proceedings obtain judgment and have such property ap-
plied to its satisfaction.   58 Ark. 252; 45 Ark. 276; 39 Ark. 101;
17 Ark. 497; 40 Ark. 535; Brown on Jur. § 149a; 4 Cyc. 572-3;
14 Am. & Eng. Enc. Law (2 Ed.), 842.   See also 48 Ark. 354.
For definitions:   Surplus, Cyclopedic Dic.; 18 Ves. 466; 55 Am.
St. Rep. 878.   Funds, 43 N. J. Eq. 533.

The object of the statute was not to authorize the invasion
of the jurisdiction of one court by another, but that service of

the writ should operate as a warning to the officers of the court to make no disposition of a surplus sum of money, and to fix a lien thereon for the purpose of preventing alienation until the creditor can bring the matter by proper proceeding before the court having charge of the fund, by motion or petition.   18 Ark. 213; 21 Ia. 537; 49 Am. St. Rep. 495.   And after judgment sustaining the attachment by further filing an intervention.   57 Ark. 450; 124 U. S. 131; 41 Ark. 283; 56 Ark. 481; Rood on Garnishment, § 28 note 57.   When the purpose for which the fund was raised has been accomplished, the surplus should be brought into court for distribution, and, if necessary, a master should be appointed to ascertain the liens and amounts thereof. 11 Paige, Ch. (N. Y.), 129; 39 Ark. 253.

The court should have given appellant the benefit of the priority of his lien, and continued the cause until said lien was perfected by judgment sustaining the attachment, if necessary. Cases *supra;* 86 Ia. 86; 124 U. S. 155.

2.   Where a chancery court is administering a fund obtained by a foreclosure sale of lands in which an attachment debtor has an interest, an attaching creditor may lay a writ of garnishment, issued from the attachment proceedings, in the hands of the agent or officer of the court appointed to execute the decree or having charge of the fund; and if it appears from the answer of the garnishee that there was, at the time of service of the writ or at any time thereafter, a fund or surplus sum of money in his hands or possession belonging to the debtor, it will be bound by the lien of the attachment after order of court directing such agent or officer to pay the same to the debtor or his assignee, where the assignment was made subsequent to the service of the writ; and such fund may be reached by an attaching creditor subsequent to such service by petition to the court for an order directing the agent or officer to hold the said surplus, and, after judgment sustaining the attachment, by filing an intervention in the foreclosure proceeding and making proof of the lien established by judgment sustaining the attachment.   Rood on Garnishment, § § 27-35, inclusive; *Ib.* § 49; Waples on Att. § § 393, 396, 397, 398; Wade on Att. § § 421, 347; 1 Freeman on Ex. § 130; 20 Wash. 215; 62 Miss. 791; 19 Md. 233; 23 Md. 152; 1 Beasley (N. J. Eq.), 31; 4 Jones, Law (N. C.), 488; 57 Tex. 563; 74

N. Y. 148; 57 Ark. 450; 124 U. S. 153; 45 Md. 467; 14 Am. & Eng. Enc. Law (2 Ed.), 786-7; *Ib.* 835; *Ib.* 842; 58 Ark. 252.

*Robertson & Martineau,* for appellee.

1. The statute relied on by appellant is not an enactment authorizing the attachment of a fund in court, but simply a provision of the Code prescribing the method by which a fund in court, subject under the law to attachment, might be reached by attachment process.

2. Money or property *in custodia legis* is not subject to attachment or garnishment. 14 Am. & Eng. Enc. Law, 806, 817-826; 20 Cyc. 1022; 60 Ark. 213; 71 Ark. 269; 56 Ark. 1; Shinn on Att. § 46; Rood on Garnishment, § 27; Waples on Att and Gar. § 259; Kneeland on Att. § 410; Drake on Att. (7 Ed.), § 251; 12 L. R. A. 508; 10 L. R. A. 529; 9 Cent. Law Jour. 208; 49 L. R. A. 351. As to when a fund in court may be reached by attachment or garnishment, see 2 Shinn on Att. § § 502, 506, 517; 96 Ala. 183; 85 Am. Dec. 292; 54 *Ib.* 405.

3. Before confirmation of the sale, the money in the hands of the commissioner was the property of the purchaser; the defendant in the attachment had no interest therein. The fund was not garnishable until after confirmation of the sale and final decree of the court ordering distribution. 62 Miss. 791, and cases cited. There being nothing in the hands of the commissioner subject to garnishment at the time of service of the writ, nor any indebtedness to the defendant, Reid, no lien was created in favor of appellant. Reid had an equity in the sale of the lands when he assigned to appellee, and the assignment for a valuable consideration of his interest to appellee a court of chancery will protect on proper application. 4 Cyc. 8.

4. The process of garnishment does not reach to equitable claims. 14 Am. & Eng. Enc. Law, 761.

BATTLE, J. B. J. Brown instituted a suit against J. F. Reid in the Pulaski Chancery Court, to foreclose a mortgage executed by the defendant to the plaintiff to secure certain indebtedness. On the 29th day of March, 1905, the chancery court rendered a decree in favor of the plaintiff against the defendant for $3,241.80, the amount of the indebtedness secured, and ordered

the land described in the mortgage to be sold to satisfy the judgment, and appointed F. A. Garrett, the clerk of the court, a commissioner to make the sale. On the 21st day of April, 1905, the day appointed for the sale, the commissioner offered the lands to the highest bidder at public vendue, and sold the same to W. H. Schaer for $3,485, which he paid to the commissioner.

On the 21st day of April, 1905, B. W. Green commenced an action, before a justice of the peace of Pulaski County, against J. F. Reid on a promissory note, and sued out an order of attachment; and on the 26th day of April, 1905, as a part of the attachment proceeding, sued out from before the justice of the peace writs of garnishment, alleging therein that F. A. Garrett, who was clerk of the Pulaski Chancery Court, and F. A. Garrett, the same person, as commissioner, was indebted to Reid, the defendant, for a surplus from a sale. The writs were directed to any constable of Pulaski County, and commanded him to summon F. A. Garrett, and F. A. Garrett as commissioner, as garnishee, to appear before the justice of the peace, on the 6th day of May, 1905, to answer what goods, chattels, moneys, credits or effects he may have in his hands or possession belonging to the defendant, and to answer such further interrogatories as may be propounded to him. The writs were served on the same day. Thereafter, on the same day, Reid made an assignment of all his right, title and interest in and to the purchase money that might accrue to him from the said sale to T. N. Robertson. On the same day Robertson filed a petition in the chancery court, in B. J. Brown *v.* J. F. Reid, stating that the assignment had been made to him, and asking that his rights be protected.

On the 28th of April, 1905, the commissioner, Garrett, reported to the court that he had sold the lands to Schaer, and that he (Schaer) had paid the purchase money, and asked that he be allowed $50 for his services; all of which the court approved, and on the same day the court allowed Schaer, the purchaser, $46.20, as a credit for taxes paid by him on the lands.

On the 2d day of May, 1905, commissioner Garrett, in pursuance of the order of the court, paid to Brown the amount due on his judgment against Reid out of the proceeds of the sale under the decree of foreclosure.

On the 4th day of May, 1905, Green filed his petition in the

chancery court, stating that he had caused the writs of garnishment to be issued and served before the assignment to Robertson, and asking that an order be made directing the commissioner to hold the money arising from the sale under the decree of the court, and remaining in his hands and not disbursed under previous orders of the court, "in obedience to the writs of garnishment."

On the 6th day of May the petitions of Robertson and Green were presented to the court, and on the 13th day of May the court adjudged, ordered and decreed "that the F. A. Garrett as commissioner is not subject to the writ of garnishment; that there is not now nor has there been in the hands or possession of F. A. Garrett or F. A. Garrett as commissioner any goods, chattels, moneys, credits, or effects belonging to J. F. Reid as surplus from the foreclosure sale subject to the garnishment; that B. W. Green be forever enjoined and restrained from the further prosecution of the garnishment proceedings against F. A. Garrett as commissioner; that T. N. Robertson, by virtue of the assignment to him by J. F. Reid, is the lawful owner of the balance of the purchase money from the foreclosure sale, amounting to $—— now remaining in the custody of this court and not disbursed by its previous orders; that said amount is hereby ordered to be paid over to him, the said T. N. Robertson, as the lawful owner." And Green appealed.

Was so much of the proceeds of the sale of the lands under the decree of the court as would be due to Reid, after the payment of the judgment in favor of Brown and all other claims thereon, subject to garnishment or attachment at the time the writs of garnishment were served on Garrett? This is the only question presented by the appellant and appellee for our consideration and decision.

The proceeds of the sale, when paid by the purchaser, became conditionally a fund in court. It was subject to the control or disposition of the court. The purchaser or bidder could not, without permission of the court, regain possession of it. On the contrary, it was within the power of the court, by summary orders and proceedings, to compel him to act in pursuance of the decree under which the sale was made. *Porter* v. *Hanson*, 36 Ark. 591, 606. The only condition on which it could cease to be

a fund in court was a disapproval of the sale by the court. When the sale was confirmed, it absolutely became a fund in court, and the confirmation related back to the day of sale.

In the absence of a statute authorizing it, a fund in court is not subject to garnishment or attachment until the purpose for which it is held as such has been accomplished, and the only duty of the officer holding the same is to pay the money to the defendant in the garnishment or attachment. *Dunsmoor* v. *Furstenfeldt,* 88 Cal. 522; *Weaver* v. *Davis,* 47 Ill. 235; *Willard* v. *Decatur,* 59 N. H. 137; *Wilbur* v. *Flannery,* 60 Vt. 581; Rood on Garnishment, § § 27, 31-34; 2 Shinn on Attachment and Garnishment, § § 506 and 507.

We have, however, a special statute in this State authorizing the attachment of funds in court. After prescribing the manner in which orders of attachment containing clauses authorizing the summoning of garnishees may be executed upon different kinds of property, it says: "Where the property to be attached is a fund in court, the execution of the order of attachment shall be by leaving with the clerk of the court a copy thereof, with a notice specifying the fund; and where several orders of attachment are executed upon such fund on the same day, they shall be satisfied out of it ratably." Kirby's Digest, § 358. The time when it can be attached is not specified. So long as it exists, it can be attached at any time.

We are not without precedents sustaining this construction "In the absence of a special statute it was an undisputed rule of law that an executor or administrator could not, in his official capacity, be held liable as a garnishee at the suit of a creditor of the decedent, or of one who was a legatee or distributee, or other creditor of the estate." 2 Shinn on Attachment and Garnishment, § 510. In Massachusetts a statute provided "that any debt or legacy due from an administrator, and any other goods, effects or credits in the hands of an administrator or executor, may be attached by the trustee process." In *Wheeler* v. *Bowen,* 20 Pick. 563, is was held that, under this statute, "the interest of an heir at law in a distributive share of an intestate estate, in the hands of the administrator, is subject to be attached on the trustee process before a decree of distribution, and although it may be uncertain whether there will be any assets for distribution; and the suit

may be continued until sufficient opportunity has been given for the settlement of the administrator's account and a decree of distribution." See to the same effect *Strong* v. *Smith,* 1 Metc. (Mass.), 476; *Hoar* v. *Marshall,* 2 Gray, 251; *Sinnickson* v. *Painter,* 32 Pa. St. 384; *Simonds* v. *Harris,* 92 Ind. 505; 2 Shinn on Attachment and Garnishment, § 511, and cases cited.

In *Strong* v. *Smith,* 1 Metc. 476, Chief Justice Shaw, speaking for the court, said: "The trustee process," under the Massachusetts statute, "operates as a species of compulsory statute assignment by which a creditor may obtain that by operation of law which his debtor might voluntarily assign to him in payment of his debt."

In the case before us the writs of garnishment were a part of an attachment proceeding, the legal effect of the execution of which was to attach the fund in court in controversy at the time they were executed, and, the writs being prior in time to the assignment to Robertson, he takes nothing until the debt secured by garnishment is satisfied.

The decree of the court is reversed, and the cause is remanded with directions to the court to enter an order commanding the commissioner to hold the said surplus subject to the garnishment.