McGILL *v.* ROBBINS.

5-1988                                                     329 S. W. 2d 540

Opinion delivered December 14, 1959.

*Y. W. Etheridge, Ruben K. King,* Alexander City, Alabama, for appellant.

*Switzer & Switzer,* for appellee.

PAUL WARD, Associate Justice. We are concerned on this appeal with (a) a suit on a foreign judgment and (b) a garnishment of funds in the hands of a sheriff.

412

On August 16, 1958 appellant, McGill, obtained a judgment in the Circuit Court of Tallapoosa County, Alabama against appellee, Robert Lee Robbins, in the amount of $1,343.39 (less $125.00 later paid thereon). This judgment was obtained in a tort action involving an automobile collision. On or about February 2, 1959, appellant filed a verified complaint in the Circuit Court of Ashley County, Arkansas, against the said Robbins and B. A. Courson, the sheriff, in which the above facts were set forth and in which it was stated that B. A. Courson, the sheriff of Ashley County, Arkansas, has in his hands the sum of $1,500.00 belonging to Robbins. (It appears that said Robbins had deposited such sum of $1,500.00 with the sheriff in lieu of an appearance bond). The prayer in said complaint reads as follows: "Wherefore, plaintiff prays judgment in the sum of $1,210.39 with interest from the date of the aforesaid judgment of August 16, 1958, the date of this judgment, with interest thereon until paid at 6% and costs of this action". Attached to the complaint was a duly certified and verified copy of the Alabama judgment.

On March 16, 1959, the Clerk of the Ashley County Circuit Court issued a WRIT OF GARNISHMENT BEFORE JUDGMENT commanding the sheriff, as garnishee, to appear in court and answer what goods, chattels, monies, credits and effect he may have in his hands or possession belonging to McGill. On the following day Robbins filed a motion to quash said Writ of Garnishment, setting forth several grounds therefor. The contentions with which we are here concerned are: (a) Garnishment cannot be issued before judgment except in actions in contract and this is a suit on a foreign tort judgment and not an action on a contract; and, (b) garnishment will not lie to seize money in *custodia legis* in the hands of the sheriff and cannot be had on any officer of a county or a state except after judgment.

On March 23, 1959 the trial court sustained Robbins' motion to quash and accordingly vacated and quashed the Writ of Garnishment. From this Order McGill has appealed.

(a)    Appellees are correct in stating that garnishment cannot be issued before judgment in a tort action. See: *Allen* v. *Stracener,* 214 Ark. 688, 217 S. W. 2d 620.    We likewise agree with appellees that appellant did not comply with the Uniform Act on Foreign Judgments (Ark. Stats. Section 29-801, *et seq.*) whereby the Alabama judgment could be registered in this State. This matter is not decisive here so we refrain from discussing it more fully.    Section 29-816 of the Uniform Act provides that: ''The right of a judgment creditor to present an action to enforce his judgment instead of proceeding under this Act remains unimpaired''.    Since appellant brought this action under the old procedure to obtain a judgment in this State based on the Alabama judgment, it necessarily follows that the Writ of Garnishment in this instance was issued before judgment. However, we do not think this procedure was fatal to appellant, because we are of the opinion that this present action is not a tort action but merely an action on a debt.    What appears to be the general and uniform rule in this connection is stated in 30A Am. Jur. Page 821, Section 929, where, among other things, it is stated: ''An action on a judgment is a suit of a civil nature. It is regarded as a new and independent action, and not for the same cause as the principal proceedings in which the judgment was obtained, even if its purpose is to revive the judgment.    Technically a cause of action on a judgment is not the same as the original cause of action merged therein, thus, the cause of action on a judgment is different from that upon which the judgment was rendered''.    We recognize the logic and soundness of that rule and therefore adopt it as our own.    We must conclude, therefore, that appellant had a right to have the Writ of Garnishment issued upon the filing of his complaint and before a judgment thereon had been obtained.

(b)    We now come to the consideration of a very interesting question—whether appellant could garnishee the sheriff who held $1,500.00 placed in his custody by appellant as bail money in *lieu* of an appearance bond. This question, we think, has been resolved adversely to appellees' contention in this case by the decision in

*Green* v. *Robertson*, 80 Ark. 1, 96 S. W. 138. In that case F. A. Garrett who was Clerk of the Chancery Court and also a Commissioner to sell certain lands under a foreclosure decree held a certain sum of money paid to him by W. H. Schaer who was the purchaser of the foreclosed lands. Later Green commenced an action in a Justice of the Peace Court against one J. T. Reid on a promissory note and had a Writ of Garnishment issued against Garrett (the Commissioner) alleging that he had certain funds in his hands belonging to Reid. After this Reid made an assignment of his interest in the money held by Garrett to Robertson. The question then arose as to whether Green had a right to garnishee the funds in the hands of Garrett and consequently whether or not the assignment from Reid to Robertson was valid as against the garnishment. The trial court held: "That F. A. Garrett, as Commissioner, is not subject to the Writ of Garnishment". Upon appeal this court after first stating that in the absence of a statute authorizing it, a fund in court is not subject to garnishment, then stated: "We have, however, a special statute in this State authorizing the attachment of funds in court". Citing Kirby's Digest, Section 358, which is the same as Ark. Stats. Section 31-118, and which reads as follows: "Where the property to be attached is a fund in court, the ,execution of the order of attachment shall be by leaving with the clerk of the court a copy thereof, with a notice specifying the fund; and where several orders of attachment are executed upon such fund on the same day, they shall be satisfied out of it ratably". Based upon the above this court said: "The decree of the court is reversed, and the cause is remanded with directions to the court to enter an order commanding the commissioner to hold the said surplus subject to the garnishment".

Our search of the authorities discloses that this opinion has never been reversed or modified by this court.

Appellees seek to sustain the trial court in quashing the Writ of Garnishment in this case by virtue of Ark.

Stats. Sections 31-519, 31-520, 31-521. We do not agree with appellees in their interpretation and applications of these statutes, because we think they apply only to money and effects in possession of the State or some subdivision thereof and that they do not apply to money in *custodia legis*. The three sections above mentioned are Sections 1, 2, and 3 respectively of Act 44 of the Acts of 1945. The title to this Act reads as follows: "AN ACT TO PROVIDE FOR THE GARNISHMENT OF SALARIES, WAGES, AND CREDITS OWED BY THE STATE OF ARKANSAS TO VARIOUS INDIVIDUALS". Section 1 of the Act (Section 31-519) reads as follows: "Any indebtedness, goods or chattels, monies, credits or effects belonging to a defendant in a civil action and *in the hands or possession of the State of Arkansas, any subdivision thereof, institution, department, special district or instrumentality of the State of Arkansas* shall be subject to garnishment as is now provided by law". (Emphasis Supplied). It seems clear, therefore, that said Act 44 has no application to funds held *custodia legis*.

We conclude from the above, therefore, that the trial court should have overruled appellees' motion to quash the Writ of Garnishment. We point out, however, that any final action in this case on the Writ of Garnishment must be subject to the court's final disposition of the $1,500.00 held by the sheriff. The cause is reversed with directions to proceed further consistent with this opinion.

Reversed.