HOOTEN, CLERK *v.* CONKLIN.

5-3037                                    370 S. W. 2d 607

Opinion delivered September 23, 1963.

*Robert C. Compton,* for appellant.

*Bernard Whetstone,* for appellee.

GEORGE ROSE SMITH, J. The question here is whether a fund in the registry of the chancery court, deposited in the form of a cash bond, may be reached by a writ of garnishment after the chancellor has filed an opinion awarding a portion of the fund to the garnishment debtor.

Crabtree, the garnishment debtor, brought suit in the Union Chancery Court to impress a lien upon oil and gas interests owned by the appellant Hays, a nonresident of the state. To keep the suit from interfering with the payment of oil runs Hays deposited $6,500 in court, as a cash bond for the payment of any judgment Crabtree might obtain. The case was tried and taken under advisement by the chancellor. On October 31, 1962, the chancellor filed an opinion finding that Crabtree was entitled to recover $2,223.22, directing that this amount be paid to Crabtree from the fund in court, directing that the remainder of the fund be returned to Hays, and instructing counsel to prepare a judgment conforming to the opinion.

On November 7 the appellee Conklin, who had previously obtained a judgment against Crabtree in the Union Circuit Court, had a writ of garnishment served upon the appellant Hooten, who was the clerk of the chancery court and the custodian of the fund. On December 31 Crabtree and Hays filed in the chancery case a stipulation agreeing that Crabtree's complaint and Hays' counterclaim might be dismissed with prejudice. On the same day the chancellor entered the agreed order of dismissal. When Hooten, the garnishee, interposed that order as a defense to the garnishment proceeding, Conklin made Hays a party to that proceeding. Upon final hearing the circuit judge, sitting without a jury, held that despite the dismissal of the chancery case the garnishment creditor was entitled to have the sum of $2,223.22 paid to him from the fund in the chancery court. Hooten and Hays have appealed.

We think the court was right. There is no doubt that a fund in court is subject to garnishment, this procedure being authorized by statute. Ark. Stat. Ann. § 31-118 (Repl. 1962); *Green* v. *Robertson*, 80 Ark. 1, 96 S. W.

138; *McGill* v. *Robbins,* 231 Ark. 411, 329 S. W. 2d 540. As a general rule a fund in court becomes subject to garnishment upon the entry of a judgment ordering its payment to the garnishment debtor. *Dunsmoor* v. *Furstenfeldt,* 88 Cal. 522, 26 Pac. 518; *Orchard & Wilhelm Co.* v. *North,* 135 Neb. 39, 280 N. W. 272; *Gaither* v. *Ballew,* 49 N. C. 488, 69 Am. Dec. 763. In the case at bar there is no contention by the appellants that the filing of the chancellor's opinion was not equivalent to the entry of a judgment within the intent of the rule just stated.

When Hays, in 1958, deposited $6,500 in the registry of the court he also filed an instrument entitled "Bond," but this instrument was signed by Hays alone and did not even purport to bind anyone else as a surety. The instrument recited Hays' intention to prevent the oil runs from being impounded during the pendency of the suit, referred to the cash deposit that was being made, and concluded by declaring that if Hays should pay any judgment that might be rendered in favor of Crabtree "then this bond is void; otherwise it shall remain in full force and effect." It is argued that there was never any breach of the condition of the bond, that consequently Hays became entitled to the return of the entire deposit, and that therefore the attempted garnishment should be held to have been ineffective.

This argument is not persuasive. The instrument was not a true bond, which would have involved a surety who might reasonably expect that the principal would be given an opportunity to discharge his obligation before any claim would be asserted against the surety. Hays voluntarily chose to dispense with a surety. Instead, he made a cash deposit in the registry of the court. If it had become necessary for Crabtree to enforce the chancellor's award it could not in seriousness have been contended that Crabtree, before resorting to the cash deposit that had been made to provide for that very contingency, should first have given Hays an opportunity to pay the award from other resources he might have. The fund in court unquestionably stood as a guaranty of Hays'

primary liability rather than as a guaranty of the secondary liability of a nonexistent surety.

The chancellor, in drafting his opinion, not only made an award to Crabtree but also directed that the award be paid from the fund in court. This directive was not unauthorized, as the appellants suggest. To the contrary, it gave effect to the exact purpose for which the deposit was made. The award was in substance a judgment in Crabtree's favor and gave him an interest in the fund that was subject to garnishment. Thereafter Crabtree and Hays, by a stipulation that may have been a collusive attempt to deprive Conklin of his rights, attempted to undo the chancellor's action. In simple justice that attempt ought to fail.

Affirmed.