## Pope *et al. vs.* Tift.

1. A will contained the following provisions : (After providing for payment of debts) "I leave to my beloved wife, Beatrice H. Pope, all my property, real and personal, to be managed and used by her as her own, without making appraisements or returns. In case of her marriage again, as it would then be necessary to make provision for our child (or children, should others be born), I desire an equal division to be made of the property between her and such child or children." Other items provided for the death of a child before becoming of age or marrying, and for a trustee for testator's daughter :

   *Held*, that under such will, the wife of testator took a half interest in his realty, and his child (there being but one) a half interest, subject to be divided on the contingency of a second marriage of the widow. In default of the happening of that event, the widow took a trust estate for the benefit of herself and child, with broad powers as to its use, and without accountability until the happening of the contingency on which division was to be made.

2. Under such a will, the widow mortgaged the real estate in her own name for supplies to conduct farming operations thereon ; the mortgage was forclosed and sale made ; the widow remarried :

   *Held*, that the mortgage sale conveyed the interest of the widow, but not that of the child.

   (*a.*) The child did not have any equitable claim on the interest of the widow, on account of imprudent management of the rest of the estate, superior to the title of the purchasers under the mortgage *fi. fa.*

3. Where the widow holding such an estate was tenant in common with another, whose share of the land she rented for a stipulated

annual rent, the claim for rent was a mere debt, and was not a lien on the interest of the widow in the land, which could take precedence of the purchaser at the mortgage sale.

October 3, 1882.

JACKSON, Chief Justice.

[In connection with the third head-note, it is only necessary to state that the testator owned a two-thirds interest in the plantation, which was the property conveyed by the will. The other one-third he rented from the owner thereof during his life, and his executrix continued to rent after his death. The widow and executrix being considerably indebted for this rent, it was claimed that this amounted to a misappropriation by a tenant in common, and the claim of the co-tenant took precedence of the purchaser at the mortgage sale.]