CASE 99—JOINT TENANT, LIEN—MARCH 31, 1885.

# Burch, &c., v. Burch, &c.

### APPEAL FROM MEADE CIRCUIT COURT.

1. There is no lien in favor of a joint tenant against his co-tenant for rents collected by the latter before a partition of the land.
2. Such rents only constitute a personal charge against the joint tenant so collecting.

LEWIS & FAIRLEIGH FOR APPELLANTS.

1. There is no legal or equitable reason why one joint tenant should have a lien upon the land of his co-tenant for rents collected by him.
2. If a lien exist, it must be founded upon the doctrine of equitable liens. But such lien does not exist. There is no authority for it. (Nelson v. Clay, 7 J. J. Mar., 140; Graham v. Graham, 6 Mon., 561; Coleman v. Hutchinson, 3 Bibb., 211; O'Bannon v. Roberts, 2 Dana, 54.)

A. DUVALL AND JESSE S. TAYLOR FOR APPELLEES.

We maintain that there is no error in the judgment. Although no direct authority can be found upon the question, we think that upon equitable principles a lien exists in favor of a joint tenant against his co-tenant, who, without authority, rents the entire tract, and after collecting the rents refuses to account for the share of those not in possession.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1855 the heirs at law of Leonard Burch, deceased, recovered judgment for a tract of land, containing about 700 acres. And in 1858 one of the heirs instituted an action against Thomas B. Burch, administrator, and also an heir, for a settlement of the estate and partition of the land between the seven heirs, it being stated in the petition that he had fraudulently conveyed it to one Carrico, who was made a defendant to the action.

Three other actions for the same purpose were subsequently commenced. But in 1865 they were all consolidated and thereafter tried together; though it was not until 1879 that a judgment for partition was rendered.

In defense of the actions Thomas B. Burch, before his death in 1863, and his heirs afterwards, denied the right of the other heirs of Leonard Burch to any part of the land, contending that it was not more than sufficient to compensate him as administrator, and for the extraordinary labor and expense incurred by him in maintaining the protracted litigation begun in 1841 to recover the land, and also contended that he was the rightful owner by purchase of four-sevenths of it.

By the deed made in 1860 Thomas B. Burch conveyed to Carrico absolutely four-sevenths of the land, and the latter took possession of the whole of it, and occupied and used it several years. But an agreement in writing was at the same time entered into between them that the land conveyed was to be held by Carrico, subject to the conditions and for the purposes therein recited. And some time after his death the heirs of Thomas B. Burch took possession, claimed and held different parcels of the land.

By the judgment rendered in 1879 three of the heirs of Leonard Burch were entitled each to one-seventh of the land, and commissioners were appointed to divide it accordingly, and the master commissioner was directed to ascertain and report the value of rents and improvements. And in 1881 a judgment was rendered in favor of appellees against the estate of Thomas B. Burch, his heirs at law, and Carrico for three-sevenths the value of rents and profits as found and reported by the master due by them respectively after deducting the value of improvements. And also adjudged that appellees have a lien upon all the land except the par-

cels allotted to them to satisfy the amount due for rents. and profits.

There is no appeal from the judgment of 1879, nor is any objection made to the one rendered in 1881, except so much of it as determines the existence of a lien on that part of the land belonging to the heirs of Thomas B. Burch, and directs a sale of it to pay the value of rents and profits found due. And whether such lien exists is the only question presented on this. appeal.

We have not been referred by counsel to any authority, nor have we been able to find any recognizing the existence of a lien in favor of one tenant in common or joint tenant upon the interest of his co-tenant for the payment of the value of rents and profits received by the latter before partition of the land.

It has been held by this court that a tenant in common purchasing a conflicting claim to land which enures to the benefit of his co-tenant has an equitable lien for a due proportion of the price so paid by him. (Venable, &c., v. Beauchamp, 3 Dana, 321.)

It has also been held that there may in certain cases exist a lien on the estate for repairs and improvements. done by one joint owner. (Alexander v. Ellison, &c., 79 Ky., 148.)

But it never has been held by this court that rents and profits received by one joint owner previous to partition of the land constitute any thing more than a personal charge against him.

The lien in favor of one joint owner of land, whenever recognized to exist at all, is founded upon the doctrine of contribution in equity. And the only reason for

enforcing it for improvements arises from the necessity for the preservation of the estate, or the benefit to the joint owners by an enhancement of its value.

But there is no reason why there should be a charge or incumbrance upon the interest of one joint owner, either before or after partition, to satisfy a claim of his co-tenant for rents and profits received. The right to partition exists and may be enforced, and pending the action therefor, the Chancellor may amply protect the rights of each joint owner by placing the estate in the hands of a receiver, or by other proper provisional remedy. But it is not the policy of the law to enforce liens upon the interest of one joint owner of land in favor of another for unadjusted, and to innocent purchasers and creditors, often unknown accounts for rents and profits.

There does not appear any reason why judgment for a division of the land, in this case, was so long delayed; nor were there any steps taken by appellees, as might have been done, to secure their just share of the rents and profits. In our opinion the only remedy they were entitled to, when the case was finally disposed of, was personal judgment for the amount of rents and profits due them, enforceable at law, and the court erred in adjudging a lien existed, and a sale of the interests of appellants in the land to satisfy the amount due.

The judgment is therefore reversed, and cause remanded for further proceedings consistent with this opinion.