56 624
68 544

## BRITTINUM *v.* JONES.

### Opinion delivered November 26, 1892.

1. *Co-tenancy—Lien for rents.*

   A tenant in common has no lien on the estate held in common for his share of the rents collected by his co-tenant.

2. *Co-tenancy—Accounting of rents.*

   A tenant in common may maintain an action against the heirs of his co-tenant for an accounting of rents collected by them after the co-tenant's death, but not of the rents collected by such co-tenant.

Appeal from Monroe Circuit Court in Chancery.

MATTHEW T. SANDERS, Judge.

*U. M. & G. B. Rose* and *H. A. Parker* for appellants.

1. The court below was evidently governed by *Hamby* v. *Wall*, 48 Ark. 135, which *was* the common law; but it is changed by statute. Gould's Dig. p. 95—"Accounts." This was omitted from Mansfield's Digest, though it has never been repealed. The statute is a re-enactment of the statute of Anne, and its meaning is plain. Freeman on Co-Ten. sec. 273. But in this case Brittinum had given Jones a power of attorney to collect his part of the rents. *Ib.* sec. 268; 33 Vt. 593; 80 Am. Dec. 653; 4 Kent, Com. 370. Nor do we see how *Hamby* v. *Wall* can be reconciled with 31 Ark. 345 and 40 *id.* 155.

2. It is urged that the claim for rents should have been made against the administrator of Jones. To this it may be answered: This order was made because the demand was not verified before suit was brought. But the first complaint filed was sworn to. The administrator was made defendant, but the court ordered the suit dismissed as to him. Everything relating to the co-tenancy was involved in the suit for partition; and as the court had jurisdiction of the cause, it should have proceeded to do complete justice. 23 Ark. 212; 14 *id.* 50; 42 *id.* 443; Freeman on Co-Ten. sec. 425; 1 Story, Eq. 656*b;* 16 Ark. 181.

3. The administrator was not a necessary party. 40 Ark. 433; Freeman on Co-Ten. sec. 454, 512.

4. As to limitation, Jones acted as agent of Brittinum, never repudiated the agency, and hence the statute never began to run. 8 Ark, 429; 25 Ark. 466. There was also a mutual account between the parties, and the statute begins to run from the date of the last item. Mansf. Dig. sec. 4492; 48 Ark. 426.

5. One tenant in common has a lien for rents due him. 39 Hun, 692; 4 Paige, 336; 60 Barb. 163, 180; 48 N. Y. 106, 124.

*House & Cantrell* for appellee.

1. The claim for rents received prior to the death of appellee's ancestor was a claim against his estate, and his heirs are not liable. Not having been probated against the estate of their ancestor, it is barred.

2. Appellants have already recovered judgment for the rents received since the death of the ancestor. A recovery for three years' rents next before the filing of the suit barred further suit. Mansf. Dig. secs. 2644, 2645, 2646; 2 Lans. (N. Y.) 283. Ejectment was the proper remedy. 40 Ark. 155.

3. The claim was barred by limitations. 66 Pa. St. 192.

4. The demand was not sworn to. Mansf. Dig. sec. 102. The administrator was not made a party. No legal demand was presented. Woerner's Law of Adm. sec. 386.

BATTLE, J. This is an action for partition of the lands which were originally owned and held in fee simple by Mills E. Brittinum and Reuben S. Jones as tenants in common, each one being the owner of one undivided half. While they held the land in this manner, Jones died in December, 1882, intestate, leaving the appellees his heirs surviving. After this Brittinum brought this action against the appellees for a partition of the lands and for an account of the rents and profits thereof received by Jones in his life-time and by his heirs after his death. During the pendency of the action Brittinum died and left a will by which he devised his interest in the lands to appellants. The action was then revived in their names and in the name of his administrator, and they filed a substituted complaint in which they alleged, among other things, that Reuben S. Jones took the entire control of the lands and collected the rents and profits arising therefrom from the year 1872 to 1882 inclusive, and failed to account to Mills E. for his part thereof; and that

appellees, since the death of Jones, have received the rents and profits.

Appellees answered and averred that Reuben S. collected the rents of the lands for the years 1873 to 1881 inclusive, and accounted for the same to Mills E.; and denied that they received any rents belonging to Mills E. or appellants which have not been lawfully accounted for and paid ; and asked that the lands be divided.

There was no controversy about the partition, but there was as to the rents and profits. The circuit court ordered that the partition be made, but refused to require the appellees to account.

Appellants contend that they should have been held to account for the rents received by their ancestor. But this is not true, unless appellants held a lien on the land for the part of the rents collected by Reuben S. Jones which belonged to Mills E. Brittinum. In *Clark* v. *Hershy*, 52 Ark. 473, 492, it was held that one tenant in common has no lien for his share of the rents collected by his co-tenant. This being true, appellants have none, and appellees can not be held personally liable for any part of the rents collected by their ancestor. *Turner* v. *Risor*, 54 Ark. 33. The indebtedness of Reuben S. Jones to Mills E. Brittinum for the rents collected, if any, formed a part of the estate of Mills E., when he died, and became payable to his executor or administrator, and the estate of Reuben S., by proceedings against his administrator, was liable for the same in the same manner it was for the claims against it which were not secured by any lien. The result is, the administrator of Reuben S. Jones not being a party to this action, no account can be taken, in this case, of the rents and profits collected by his intestate.

But appellees should have been held to account for one-half of the rents collected by them since the death of their ancestor. It was alleged in the complaint, and was

1. Co-tenant has no lien for rents.

2. Co-tenant must account for rents collected.

not denied in their answer, that they had collected the rents since the death of Reuben S. Jones. But they say that they have, in another action, accounted for and paid the same. The collection stands admitted. But neither the pleadings nor the evidence adduced at the hearing, as far as stated in the abstract, show the amount. The burden of proving the payment was upon appellees, and they failed to make the proof.

The decree of the circuit court is, therefore, affirmed as to the partition, and is reversed as to so much of the same as relieves the appellees of the duty of accounting for the rents collected by them; and the cause is remanded with instructions to ascertain whether the liability of appellees to Mills E. Brittinum or appellants for rents of said lands received by them, and the extent thereof, have been adjudicated and determined by a court of competent jurisdiction, in another action, wherein Mills E. Brittinum and appellees or appellants and appellees were parties and such rents were involved, and in the event it has been, to dismiss this action as to such rents; and in case it has not been, to ascertain how much rent has been collected by appellees, how much has been paid by them, to charge them with one-half of the amount collected, credit them with the amount paid, deduct the amount credited from the amount charged and render judgment against them for the remainder; and for the purpose of complying with these instructions, take proof, if necessary; and for other proceedings.