OMOHUNDRO *v.* ELKINS *et al.*

(*Nashville.*   December Term, 1902.)

1. **TENANTS IN COMMON.** Entitled, as between them-
selves, to an accounting for rents, when.

In a proceeding for partition, or sale of land for partition,
cotenants who have not received their proper share of rents
are entitled to an accounting against one of their number
who has received more than his share, and the excess found
to have been collected will be charged against the share of the
tenant receiving same in the distribution of the fund or
partition of the property.   (*Post, pp.* 715-716.)

Case cited:   Tyner *v.* Fenner, 4 Lea, 469-473.

2. **MORTGAGE.** By tenant in common, prior to suit for par-
tition, superior to claim of cotenant for rents.

Where a *mortgage* is executed upon lands by a tenant in com-
mon, *before suit for partition* is instituted, the lien of the
mortgage thereunder upon the interest of the mortgageor is
superior to, an overrides the right of a cotenant to re-
imbursement for rents collected in excess of his share, such
right being a mere equity that arises upon the filing of a
bill for partition, making claim for reimbursement upon
proper allegations in respect thereof.   (*Post, pp.* 716-717.) ·

Cases cited:   Burns *v.* Dreyfus, 69 Miss., 211; Clark *v.* Hershy,
52 Ark., 473; Brittiman *v.* Jones, 56 Ark., 624; Burch *v.*
Burch, 82 Ky., 622; Houston *v.* McCluney, 8 W. Va., 135;
Welch *v.* Ketchum, 48 Minn., 241; Stover *v.* Cory, 53 Iowa,
108.

FROM FRANKLIN.

Appeal from Chancery Court of Franklin County.
T. M. McCONNELL, Chancellor.

· WHITTAKER & HORTON and J. P. ATKINSON, for Omohundro.

LYNCH & LYNCH, for Elkins *et al.*

°MR. JUSTICE NEIL delivered the opinion of the Court.

The facts out of which the present controversy arose are as follows: On the 18th day of August, 1897, the defendant, Overton D. Elkins, conveyed a lot by deed in trust to James P. Atkinson, trustee, to secure a debt of $125 in favor of the complainant, O. C. Omohundro. At this time the defendant claimed to be the owner of the entire interest in the property, and had been occupying it as such for several years, and the trust deed purported to convey the whole estate therein. However, this lot was really owned by him in common with his two sisters, Cassa Elkins and Mary Lou Elkins, and his brother, George W. Elkins, Jr., but it does not appear that when Mr. Omohundro took his trust deed he had any knowledge of the true state of the title, or any notice, further than may be inferred from the duty resting upon all purchasers to investigate the source of the title about to be purchased. Such investigation in the present case would have disclosed the fact that the title was derived by inheritance from George W. Elkins, Sr., the father of the defendant, Overton D. Elkins, and that the property was owned by him and his sisters and brother as tenants in common.

On the 19th day of February, 1898, a bill was filed in the chancery court at Winchester by George W. Elkins, Jr., by his next friend, Peter Turney, against Overton D. Elkins, Cassa and Mary Lou Elkins, for the purpose of selling the lot in question for division of the proceeds among the four owners, and for having an accounting with Overton D. Elkins for the rents received by him, it being alleged that he had been in control of the property for several years, and had received rents in excess of the value of his whole share therein.    Such proceedings were had in that case as that a sale of the property was decreed, and the cause was referred to the master for an accounting with Overton D. Elkins, with directions to report what rents he had received or should have received while in charge of the property.    The master made his report, and the chancellor, modifying the report, decreed that Overton D. Elkins was chargeable with the sum of $331.60 as rents.    Pursuant to the decree of sale, the property was sold at the price of $850, and was bid in by Peter Turney, trustee, for the other three children.    In confirming the sale and closing up the matter the chancellor decreed that to the sum which the property brought, $850, there should be added the total rents received, making the sum of $1,181.20, and that each of the owners was entitled to one fourth of this sum, or $295.30.    He further decreed that, inasmuch as Overton D. Elkins had realized $331.60 in rents, he had received a sum in excess

of his entire share of the aggregate fund made up of the proceeds of sale and of rents collected, and he therefore held his interest extinguished. The chancellor directed that the notes executed by Peter Turney, trustee for the other children, should be canceled, and confirmed the title in the other minor children, the two sisters and the brother of the said Overton D. Elkins.

This decree was entered at the June term, 1899.

On the 10th of November, 1900, the bill in the present case was filed by O. C. Omohundro and James P. Atkinson, trustee, setting out the foregoing facts, and charging, among other things, that the proceedings and decrees in the case just referred to were not binding upon complainants. It was further charged that one of the decrees in that case had authorized Peter Turney, trustee, to sell the said property of the minors, as trustee, at private sale, and that in accordance with this direction the said trustee, Peter Turney, had sold the property to Thomas Wells, made a defendant to the present bill, for the sum of $850, and that this sum was in course of payment into court for distribution among the three claimants, Cassa and Mary Lou Elkins and George W. Elkins, Jr., excluding Overton D. Elkins from any share therein. Among other things, not necessary to be mentioned, the present complainants insisted in their bill that they were not bound by the proceedings and decrees in the case referred to be-

tween the Elkins heirs, because the deed in trust was executed before the filing of the bill in that case, and they were not made parties to that bill. They ask that the decree in that case be declared void as to them, that the land be sold for the purpose of effecting a division among the four owners, or that the mortgage or trust deed be foreclosed by sale, and that the proceeds of the sale of the property be divided among the four owners, Overton D. Elkins' interest being subjected to the said trust deed or mortgage of the complainants. The defendants insisted, in reply, that the complainants could take only such interest as Overton D. Elkins had, that this interest was extinguished in the case between the Elkins heirs, and that the complainants were bound by the adjudication in that case.

By consent of parties a bond was taken in the cause to stand in the place of the mortgage security, and upon the hearing the chancellor decreed in favor of the complainants, rendering judgment in their favor against Overton D. Elkins, and also against the bondsmen for the amount of the mortgage debt. He also rendered judgment against Overton D. Elkins individually for an additional sum of $25, admitted by him to be due.

From this decree the trustee for the minor defendants, the brother and the sisters of Overton D. Elkins, prayed and obtained an appeal.

The question of law presented upon these facts is

whether the rights of the cotenants of Overton D. Elkins to have reimbursement out of the proceeds of the sale of the common property are superior to the rights of the mortgagee under the mortgage or trust deed executed before the partition proceedings were begun.

This question must be answered in the negative. While it is true that, in a partition proceeding, those cotenants who have not received their proper share of rents are entitled to an accounting against one of their number who has received more than his share (*Tyner* v. *Fenner,* 4 Lea, 469-473), and some of the cases (of which *Hannan* v. *Osborn,* 4 Paige, 336-343, is an example) base this right upon the theory of an equitable lien as between the tenants in common while they continue to hold the premises in common, still we think the weight of authority, as well as of reason, supports the proposition that, whether this right existing between cotenants be properly designated as a mere equity, enforceable upon the filing of a bill for partition, or as an equitable lien, it can not override a mortgage executed by a cotenant on his undivided interest in the land prior to the filing of the bill for partition. *Burns* v. *Dreyfus,* 69 Miss., 211 (11 South., 107; 30 Am. St. Rep., 539); *Clark* v. *Hershy,* 52 Ark., 473-492 (12 S. W., 1077); *Brittiman* v. *Jones,* 56 Ark., 624-627 (20 S. W., 520); *Burch* v. *Burch,* 82 Ky., 622; *Newbold* v. *Smart,* 67 Ala., 326-331; *Houston* v. *McCluney,* 8 W. Va., 135;

*Welch* v. *Ketchum,* 48 Minn., 241 (51 N. W., 113) ; *Stover* v. *Cory,* 53 Iowa, 708 (6 N. W., 64). Some of these cases deny the existence of any lien whatever, but, if we assume that there is a lien at all, it could only be a creation of equity, and not operative as to third parties until the filing of a bill for partition making claim therefor and seeking its enforcement.

Any other view would result in permitting real estate to be incumbered by secret liens, and would greatly embarrass the transfer and disposition of such property. We think the sounder view is that the right to reimbursement in the character of case we have before us is a mere equity that arises upon the filing of the bill for partition, making proper allegations in respect thereof, and making claim therefor.

We are of the opinion, therefore, that there is no error in the decree of the court of chancery appeals, and it must be in all things affirmed, with costs.