## LIEN OF MORTGAGE COVERING ONE CO-TENANT'S SHARE.

Common Pleas Court of Hamilton County.

KNECHT V. KNECHT.

Decided, 1913.

*Partition—Mortgage Executed by One Co-Tenant Before Beginning of Partition Suit—Superior to Claim for Rents and Profits.*

The lien of a mortgage executed by one co-tenant prior to the beginning of a suit for partition and recovery of rents and profits under Section 12406, is superior to the claim of other parceners for rents and profits decreed in the same action.

*Powell & Smiley,* for motion.
*Peck, Schaffer & Peck,* contra.

MAY, J.

This matter is submitted to the court on the motion of one of the co-tenants for an order directing the sheriff to pay to said co-tenant a sum of money found by previous order of the court to be due such co-tenant from the other co-tenant for rents and profits collected before the partition suit, for distribution to the mortgagee, the Western German Bank, of the amount found

due it on its mortgage executed before the bringing of the partition suit.

It is contended by the claimant under Section 12046, General Code, that this order should be granted for the reason that such co-tenant has a lien on the whole property and especially on the interest of his co-tenant for rents and profits so collected. The matter has never been determined as far as I have been able to find, by any Ohio court.

Counsel for claimant cited in support of the motion *Beck* v. *Kallmeyer*, 42 Mo. App., 563. This case is squarely in point and is the only case that directly decides the question.

In the case of *Peck* v. *Williams*, 113 Ind., 256, it was not necessary to decide this point, and while the language of the court is broad enough to sustain the contention, nevertheless it is a mere *dictum*.

The case of *Arnett* v. *Munnerlyn*, 71 Ga., 14, follows the same case as reported in *Hill* v. *Reeves*, 57 Ga., 32, which also sustains the contention of counsel.

It will be noticed in the syllabus in *Arnett* v. *Munnerlyn*, *supra*, that it is held that the matter is *res judicata* as far as the case before it was concerned. Whether the Georgia court would follow this is doubtful. (See the case of *Pope* v. *Tift*, 69 Ga., 741, third syllabus.)

Some of the nisi prius cases in New York seem to hold in favor of the motion, but no case in either the appellate division or court of appeals of New York sustains this view. The weight of authority is against the motion.

While it is true that there is no Ohio case directly in point, there is, however, a decision of the federal court of the southern district of Ohio, deciding the exact question involved.

In *McArthur* v. *Scott*, 31 Fed. Rep., 521, Mr. Justice Jackson, then sitting as circuit judge in this district, held that the lien of a mortgagee executed by one co-tenant prior to the institution of a suit for partition and for the recovery of rents and profits collected by the other co-tenant is superior to the claim for rents and profits decreed in such suit. In the course of his opinion the learned judge says:

"The general rule, which is sanctioned by the great weight of authority, is that the equitable claim of one tenant in common against his co-tenant, for rents and profits received in excess of his share, is superior only to subsequent mortgages or liens; that prior mortgagees or incumbrancers are not necessary or proper parties to the partition proceedings between co-tenants; and that the rights of such prior mortgagees are not to be affected by such partition proceedings."

One of the best considered cases on the subject is *Vaughan* v. *Langford,* 81 S. C., 282. At page 287 the court says:

"Such liens (for rents and profits collected) would be indefinite in amount, and not disclosed by public records, upon which third parties in dealing with the owners of property ordinarily have a right to rely. They would greatly injure tenants in common by impairing the market value of their shares and interests, because of the apprehension on the part of those contemplating purchasing such interests or otherwise dealing with them, that the claims for rents might be established as superior liens."

Some of the other authorities sustaining the view that the lien of a co-tenant for rents and profits is not superior to a mortgage executed prior to the bringing of the partition suit are *Burch* v. *Burch,* 82 Ky., 622; *Burns* v. *Dreyfus,* 69 Miss., 211, a very well considered case; *Flack* v. *Gosnell,* 76 Md., 88; *Flach* v. *Zanderson,* 91 S. W. Rep. (Tex.), 348. See also 38 Cyc., 72; 2 Jones, Liens, 1155, 1156.

The motion will be overruled.