## WILLIAMS *v.* WHEELER.

### Opinion delivered December 22, 1917.

1. EQUITY JURISDICTION—SALE OF PROPERTY AND DISPOSITION OF PROCEEDS UNDER COURT'S ORDER—CLAIM OF EXEMPTION.—In a partition suit it was ascertained that one W. owned a one-sixth interest in the land to be partitioned. Certain parties intervened as creditors of W. After hearing the intervention the court rendered a decree in favor of the interveners, and the commissioner was ordered to pay the interveners. No appeal was taken. *Held,* thereafter W. could not maintain a claim for exemptions, on the ground that the fund was exempt, and that the clerk, who was also commissioner, was without authority to issue an order superseding the decree of the chancery court, under the claim of exemptions.

2. EQUITY JURISDICTION—DUTIES OF COMMISSIONER—APPLICATION FOR SUPERSEDEAS.—A commissioner in chancery, under orders to sell certain property and to pay over the proceeds in a certain manner, is an officer of the court for the purpose of carrying out its

orders, and he has no power to entertain any application for orders, or to issue any orders in conflict with the court's decree.

3. JUDICIAL SALES—FUND IN COURT—INTERVENTION.—The proceeds of a judicial sale, after confirmation, become a fund in court not subject to intervention until the purpose for which they are held has been accomplished.

4. EQUITY JURISDICTION—JURISDICTION OF THE PARTIES—SUMMARY JUDGMENT.—All parties to a suit in chancery, may be compelled by summary orders and proceedings, to obey the decree of the court.

5. EQUITY JURISDICTION—ATTEMPT TO THWART DECREE.—Where a party undertakes to thwart the enforcement of the court's decree, the court may act upon a mere suggestion of the fact, and the filing of a motion is not prerequisite.

6. EQUITY JURISDICTION—JUDICIAL SALE—ENFORCEMENT OF DECREE AS TO PROCEEDS.—The chancery court ordered its commissioner to dispose of the proceeds of a judicial sale, in accordance with the prayer of an intervention which had been filed. One W. claimed the fund as his own, and exempt, and after the adjournment of court, the clerk, at W.'s request, issued an order superseding the decree. When court reconvened, the interveners, had the cause re-docketed, and filed a motion to quash the supersedeas. *Held*, the court had jurisdiction to enforce its decree, that the clerk's supersedeas was improperly issued, and held further, that as all the matters set forth in the intervener's motion were a part of the pleadings and proceedings, that the chancery court would take judicial notice of them, and it was unnecessary to prove the same.

Appeal from Woodruff Chancery Court, Northern District; *E. D. Robertson*, Chancellor; affirmed.

*Elmo Carl Lee,* for appellant.

1. The action of the clerk was final. The court was without jurisdiction to quash the supersedeas on motion. No proof was taken. Kirby's Digest, § 3906; 103 Ark. 201.

2. A postmaster's bond is a contract. 31 Cyc. 281.

*J. W. & J. W. House, Jr.,* for appellees.

1. The clerk was unauthorized to issue the supersedeas. Kirby's Digest, § 3906.

2. The court had jurisdiction. 80 Ark. 1. Its decision was correct. Appellees were sureties and paid

the judgment.    18 Cyc. 1395, note 46; 190 Fed. 111; 96 N. E. 561.

HUMPHREYS, J.    A suit was instituted on February 24, 1916, in the chancery court for the Northern District of Woodruff County, by Annie Jones *et al.* against Willie Jones *et al.*, to partition certain real estate belonging to plaintiffs and defendants.    A decree of partition and order of sale was rendered and the property sold pursuant thereto.    It was ascertained that one-sixth of the proceeds of the sale belonged to Willie Williams. Some of his creditors intervened for the amount.    Charles Wheeler and Addie Perkins were intervening creditors for $609.55, including interest, on account of having paid a judgment for Willie Williams which the United States government procured against him, as principal, and them, as sureties, on a postmaster's bond.    Willie Williams had been postmaster at Gregory, Arkansas, and defaulted. The issue on the intervention was heard by the chancellor and a decree was rendered at the 1917 January term of said court in favor of interveners for said sum, and the commissioner was ordered to pay that amount to Charles Wheeler and Addie Perkins out of the proceeds in his hands belonging to Willie Williams.    No appeal was prosecuted from that order and decree.

After the adjournment of court, Willie Williams filed a claim for exemptions in the case, before the clerk, who also was commissioner in the case, and he issued an order superseding the decree of the chancery court and all proceedings thereunder as to the fund claimed as exempt. The petition or application for exemption was under the style of the original suit and contained all the necessary allegations for an exemption claimed under the statutes and Constitution of the State of Arkansas.    At the following May term of the chancery court, the interveners, Charles Wheeler and Addie Perkins, had the case redocketed and filed a motion to quash the supersedeas issued by the clerk, and from the chancellor's order quashing the

supersedeas an appeal has been prosecuted to this court by Willie Williams.

It is contended by appellant that the supersedeas issued by the clerk was final and that redocketing the old case and filing a motion to quash the clerk's supersedeas did not confer jurisdiction upon the chancery court. We think learned counsel for appellant is in error for the reason that the chancery court already had jurisdiction in the case for the purpose of enforcing the decree directing his clerk and commissioner to pay the fund in court to the parties in accordance with the decretal order. The commissioner was an officer of the court for the purpose of carrying out its orders, and it was not within his power to entertain any application for orders or to issue any orders in conflict with the court's decree, which was final and binding upon all parties thereto. He had only one duty to perform and that was to execute the decree of the court. If this property was exempt to Willie Williams under the Constitution of the State of Arkansas, he should have claimed the exemption when the matter was being adjudicated by the court. It was his duty to set up all claims he had to the property in that suit. The decree was a final adjudication of all the existing rights to the property between Willie Williams and the interveners, Charles Wheeler and Addie Perkins. It is settled in this State that the proceeds of a judicial sale, after confirmation, become a fund in court not subject to intervention until the purpose for which it is held has been accomplished; and it is likewise settled that all parties to the suit may be compelled by summary orders and proceedings to obey the decree of the court. *Porter, Taylor & Co.* v. *Hanson,* 36 Ark. 591; *Green* v. *Robertson,* 80 Ark. 1. In the instant case, however, it was not only a fund in court, but the rights of all parties to the suit in it had been finally adjudicated. Unless they could obtain a cancellation, modification or reversal of the decree, they were remediless. There is no conflict between this case and *Robinson* v. *Swearingen,* 55 Ark. 55; *Blass* v. *Erber,* 65 Ark. 112, and *National Surety Co.* v. *Bertig Bros.,*

131 Ark. 559. The instant case deals with an adjudicated fund in court, and those cases deal with a fund fixed by order or decree in the hands of a garnishee.

It is insisted by appellant, however, that the matters set forth in the motion to cancel the clerk's supersedeas should have been proved. We do not think it necessary to have gone through the formality of filing a motion. A mere suggestion to the court that parties to the suit were thwarting the enforcement of the decree would be ample. A court would then proceed to enforce the decree by whatever summary orders or proceedings were necessary. Again, all the matters set forth in the motion were a part of the proceedings and pleadings, and it was the court's duty to take judicial notice of them. It was not necessary to prove them. *In re Sussman,* 190 Fed. Rep. 111; *Ladd* v. *Ladd,* 96 N. E. Rep. 561; *Brown* v. *Powers,* 134 N. W. 73.

The decree of the chancellor is affirmed.