DOVE *v.* DONN.

4-6307                                        150 S. W. 2d 604

Opinion delivered April 14, 1941.

*C. A. Holland,* for appellant.

*E. F. McFaddin,* for appellee.

SMITH, J. Before their marriage, and in consideration of their contemplated marriage, B. F. Donn and Mrs. Thelma Wilson entered into an antenuptial contract under date of May 29, 1924. Donn owned, at that time and at the time of his death, two tracts of land, one referred to as the Hill farm, which was his homestead, the other as the Bottom or River farm.

The relevant portions of the contract read as follows:

"It is hereby agreed by the said B. F. Donn that should the said Thelma Wilson survive him and be living with him as his wife at the time of his death that she have and take as her dower and homestead one-third of said land in value, to have and to hold the same during the term of her natural life."

It is agreed that the provision that Mrs. Wilson shall ''have and take as her dower and homestead'' means in lieu of dower and homestead.

The contract further provides that ''The said Thelma Wilson hereby agrees to accept a one-third interest, in value, of any and all lands owned by the said B. F. Donn, at his death, providing she is living with said B. F. Donn as his wife at his decease, in full satisfaction of all of her homestead and dower interest in and to all lands owned by said B. F. Donn at the time of his death, and hereby release and relinquishes all dower and homestead interests she might have in law or in equity to all of the lands which said B. F. Donn may own at the time of his death except a life estate in a one-third interest in value of all of such lands which he may own at his decease, and that if said Thelma Wilson survives said B. F. Donn, and comes into possession of one-third of the real estate so owned by him, that upon her death said lands shall vest in the heirs of said B. F. Donn.''

The contract made a disposition of the personal property unimportant here to consider.

Donn had three children by a former marriage at the time of the execution of this contract, and two children were born to him and Mrs. Wilson after their marriage. Donn died on or about December 2, 1931, and was survived by these five children and his widow. After Mr. Donn's death his widow qualified as administratrix of his estate, and operated both farms without profit.

The three older children filed suit April 6, 1938, against the widow and the two younger children for an accounting and for partition of the lands. After much testimony had been taken on the question of an accounting a decree was rendered in favor of the plaintiffs against the widow for the sum of $498.99 on account of the rents due them on the River or Bottom farm, and the sale of that farm, consisting of 114.50 acres was ordered for partition, it being found that the farm was not subject to partition in kind.

The decree provided that ''. . . the proceeds (of the sale) should be divided one-third for life only

to the defendant, Thelma Wilson Donn Dove (the widow having married Dove subsequent to the death of Donn), and the remainder to the five heirs-at-law of B. F. Donn, as named, share and share alike; and that Mrs. Thelma Wilson Donn Dove was born on October 2, 1898, and her life estate should be computed according to the expectancy and mortality tables to the present cash value, and this can be done after the land has been sold and the amount of the proceeds determined." Partition of the Hill farm—which constituted the homestead—was not ordered.

For the reversal of this decree the widow insists that the court erred in the accounting; but the bill of exceptions, which incorporated the testimony on this question, has heretofore been stricken from the record, and this testimony is not, therefore, before us for review. It is insisted, however, by the widow and the minor heirs that there are errors upon the face of the record which may be reviewed in the absence of a bill of exceptions.

The first of these is that it was error to declare a lien upon the widow's interest in the lands in satisfaction of the judgment which was rendered against her; and we think this contention is well taken.

A similar lien was declared in the case of *Clark* v. *Hershy,* 52 Ark. 473, 12 S. W. 1077, and this was held error. A headnote in that case reads: "In such action on rendering judgment for the plaintiff, it is error to decree a lien in her favor on the defendant's shares in the unsold lands, to secure the payment of rents and profits." See, also, *Brittinum* v. *Jones,* 56 Ark. 624, 20 S. W. 520.

The chief insistence is that it was error to order partition, and it is the view of Justice HOLT that, under the terms of the antenuptial contract, the widow is entitled to a one-third interest in both farms for her life, and that it was error to award partition of the River or Bottom farm.

This is not a case where partition is sought of lands in which the widow has dower which has not been ad-

measured. The widow has no dower interest. She has a life estate, which makes her a co-tenant of the heirs. Her interest is referable to and is derived from the antenuptial contract, which gives her a one-third interest, in value, for her life. The decree provides that the value of this interest shall be ascertained and paid to her out of the proceeds of the sale.

Section 10547, Pope's Digest, which is a part of the chapter on Partition, reads as follows: "The sale of land of infants, persons of unsound mind or married women shall not be deemed to be prohibited as being in contravention of the deed, will or contract under which they hold, unless a sale is expressly forbidden by such deed, will or contract."

The contract does not forbid partition, and it was not error to order it, and the cause will be remanded with directions to modify the decree as herein indicated.