Dove *v.* Donn.

4-6613                                      158 S. W. 2d 259

Opinion delivered February 2, 1942.

*C. A. Holland,* for appellant.

*E. F. McFaddin,* for appellee.

HOLT, J.  The present appeal is the second in this case. The opinion on the former appeal is reported in 202 Ark. 226, 150 S. W. 2d 604. The appellees on the former appeal are the appellees here, but Thelma Wilson Donn Dove is the only appellant in the present appeal. Reference is made to the former opinion for a statement of the facts.

June 18, 1940, the Cleburne chancery court entered a decree from which the former appeal was prosecuted. That decree provided for partition of the Bottom Farm, it not being homestead property. The court also awarded the plaintiffs (appellees here) judgment against Mrs. Dove, appellant, for $498.99, which an accounting disclosed to be their share of the rents and profits derived by appellant from the Bottom Farm since the death of her husband. That decree also gave to appellees a lien on the interest of appellant in the land for this $498.99.

Mrs. Dove, appellant, appealed from the former decree, insisting that no judgment should have been awarded against her; that the court erred in ordering the Bottom Farm to be partitioned and in declaring a lien against her interest in the land.

On the former appeal we affirmed the decree of the lower court in all things, except that part which gave the plaintiffs (appellees here) a lien on Mrs. Dove's interest in the land. The judgment against Mrs. Dove for $498.99 was not disturbed.

While the former appeal was pending here, the Bottom Farm in accordance with the decree, was sold for partition purposes for $2,100, the sale reported to the court December 17, 1940, approved, the deed prepared, acknowledged in open court, delivered to the purchaser, and the $2,100 paid to the clerk of the court, as commissioner.

April 14, 1941, on the date the former opinion was handed down, appellees filed in the Cleburne chancery court a petition for garnishment of appellant's share of the money realized by the commissioner from the partition sale of the Bottom Farm, amounting to $480.58. This garnishment writ was served upon the chancery clerk who had been appointed by the court to conduct the sale, and who had appellant's share of the money derived from the partition sale in his possession.

July 26, 1941, appellees filed a supplemental petition for garnishment in which they alleged that this supplemental petition was not a waiver of the original garnishment, but in aid thereof. A writ of garnishment was duly issued on this supplemental petition and served on the chancery clerk July 26, 1941.

The appellant responded to the issuance of both garnishments, in which she denied the right of appellees to either garnishment, denied their right to impound the funds belonging to her in the hands of the chancery clerk as garnishee, and alleged that these funds were not subject to garnishment. At no time, however, did she claim or assert any schedule of exemptions, or attempt to assign this money.

September 5, 1941, upon a trial, the court found the issues in favor of appellees, sustained their garnishment and directed that the $480.58 in the hands of the chancery clerk, as garnishee, be paid over to appellees to be applied on appellees' unsatisfied judgment of $498.99

against appellant. A decree was entered accordingly. This appeal followed.

The sole question presented here is whether the $480.58 apportioned to appellant, Mrs. Dove, from the partition sale, was subject to the garnishment of appellees to be applied on their judgment against appellant of $498.99. It is our view that this fund was subject to the original garnishment and that the trial court was correct in so holding.

In the instant case it is undisputed that appellees held a judgment against appellant, Mrs. Dove. The chancery clerk, as commissioner, had in his possession money belonging to appellant. Section 6119 of Pope's Digest provides that a writ of garnishment may issue "in all cases" where a plaintiff has a judgment and has reason to believe that any other person has in his hands money, etc., belonging to the defendant. This money held by the clerk did not represent any dower interest held by Mrs. Dove in the Bottom Farm, which was partitioned. In the former opinion we said:

". . . and her life estate should be computed according to the expectancy and mortality tables to the present cash value, and this can be done after the land has been sold and the amount of the proceeds determined. . . .

"This is not a case where partition is sought of lands in which the widow has dower which has not been admeasured. The widow has no dower interest. She has a life estate, which makes her a co-tenant of the heirs. Her interest is referable to and is derived from the antenuptial contract, which gives her a one-third interest in value for her life. The decree provides that the value of this interest shall be ascertained and paid to her out of the proceeds of the sale."

It appears that the land in question was sold to the purchaser on September 7, 1940, for $2,100. The sale was duly reported, confirmed, a deed executed and delivered to the purchaser. The money was paid to the chancery clerk as commissioner. From the date of the sale, Mrs. Dove's interest in the money in the hands of

the commissioner became fixed and subject to garnishment or assignment.

It is our view that the fund in question here belonging to appellant was a fund in court and subject to garnishment under the provisions of § 547 of Pope's Digest (§ 358 of Kirby's Digest). The principles of law announced in the case of *Green* v. *Robertson,* 80 Ark. 1, 96 S. W. 138, apply here. There this court said:

"Was so much of the proceeds of the sale of the land under the decree of the court as would be due to Reed, after the payment of the judgment in favor of Brown and all other claims thereon, subject to garnishment or attachment at the time the writs of garnishment were served on Garrett? This is the only question presented by the appellant and appellee for our consideration and decision.

"The proceeds of the sale, when paid by the purchaser, became conditionally a fund in court. It was subject to the control or disposition of the court. The purchaser or bidder could not, without permission of the court, regain possession of it. On the contrary, it was within the power of the court, by summary orders and proceedings, to compel him to act in pursuance of the decree under which the sale was made. *Porter* v. *Hanson,* 36 Ark. 591. The only condition on which it could cease to be a fund in court was a disapproval of the sale by the court. When the sale was confirmed, it absolutely became a fund in court, and the confirmation related back to the day of sale.

"In the absence of a statute authorizing it, a fund in court is not subject to garnishment or attachment until the purpose for which it is held as such has been accomplished, and the only duty of the officer holding the same is to pay the money to the defendant in the garnishment or attachment. *Dunsmoor* v. *Furstenfeldt,* 88 Cal. 522; *Weaver* v. *Davis.* 47 Ill. 235; *Willard* v. *Decatur,* 59 N. H. 137; *Wilbur* v. *Flannery,* 60 Vt. 581; Rood on Garnishment, §§ 27. 31-34: 2 Shinn on Attachment and Garnishment, §§ 506 and 507.

"We have, however, a special statute in this state authorizing the attachment of funds in court. After

prescribing the manner in which orders of attachment containing clauses authorizing the summoning of garnishees may be executed upon different kinds of property, it says: 'Where the property to be attached is a fund in court, the execution of the order of attachment shall be by leaving with the clerk of the court a copy thereof, with a notice specifying the fund; and where several orders of attachment are executed upon such fund on the same day, they shall be satisfied out of it ratably.' Kirby's Digest, § 358 (now § 547 of Pope's Digest). The time when it can be attached is not specified. So long as it exists, it can be attached at any time.''

It is our view that the rules of law announced in *Williams* v. *Wheeler,* 131 Ark. 581, 199 S. W. 898, and relied upon by appellant here, are not in conflict with the decision in the Green-Robertson case, *supra.*

Having reached the conclusion that the original garnishment was valid and properly sustained by the trial court, it becomes unnecessary to consider the second garnishment filed by appellees.

On the whole case, finding no error, the decree is affirmed.